IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig Lamont Cole, ) | C/A No. 3:20-cv-2009-SAL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| J. Rhodes Bailey, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) (the "Report").

**PROCEDURAL BACKGROUND**

Plaintiff Craig Lamont Cole ("Plaintiff"), proceeding pro se, filed this action for damages pursuant to 42 U.S.C. § 1983 against Defendant J. Rhodes Bailey ("Defendant"). [ECF No. 1.] On May 28, 2020, the Magistrate Judge issued an Order identifying deficiencies in Plaintiff's original pleading and giving him a deadline to attempt to correct the deficiencies therein. [ECF No. 7.] On June 11, 2020, Plaintiff filed an Amended Complaint. [ECF No. 10.] The same day, the Magistrate Judge issued a Report and Recommendation recommending that the undersigned dismiss the Amended Complaint with prejudice and without issuance of service of process. [ECF No. 15.]

Attached to the Report was the notice of right to file objections. *Id.* at p.5. Plaintiff filed objections on June 22, 2020. [ECF No. 17.] The matter is ripe for consideration by this court.

1

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

Plaintiff's lawsuit surrounds one incident at the Alvin S. Glenn Detention Center—an alleged "shoving match" allegedly started by Defendant, who was serving as Plaintiff's appointed counsel. [ECF No. 10 at p.7.] According to Plaintiff, this alleged "battery" gives this court jurisdiction

pursuant to 42 U.S.C. § 1983 because he "is an American with Disabilities, mentally and physically[.]" *Id.* at p.5.

The Magistrate Judge reviewed the Amended Complaint, concluded it fails to state a sufficient jurisdictional basis, and recommended summary dismissal. [ECF No.15.] Specifically, the Report noted that a criminal defense attorney, whether appointed or retained, does not act under color of state or federal law, and therefore, the jurisdictional prerequisites of section 1983 are not satisfied. *Id.* at pp.3–4. Further, it found that the Amended Complaint failed to identify any other basis of diversity or federal question jurisdiction. *Id.* at p.4.

In the Objections, Plaintiff identifies six reasons why his case should proceed: (1) the case "will deter defendant from" exhibiting the same conduct in the future, [ECF No. 17 at p.1.]; (2) witnesses should be allowed to "confirm the fact that Defendant initiated and did assault Plaintiff," *id.*; (3) to "spare Plaintiff from having to include additional and multiple defendant[s], *id.* at p.2; (4) to "send the message that just because Defendant is a skilled jurist, does not give the liscense[sic] to negate Plaintiff's Due Process protections nor get away with being unaccountable for his simply assaulting Plaintiff," *id.*; (5) to "restore confidence to the fact that redress exists to disabled local prisoners subjected to inaction, misconduct of their counsel, *id.*; and (6) "due to collusion of correctional personnel," *id.* at p.3. None of these arguments address the reason why Plaintiff's Amended Complaint is subject to summary dismissal.

As recognized in the Report, Plaintiff's pleading fails to state a jurisdictional basis to have his case heard in federal court. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case can be originally filed in federal court if there is diversity of citizenship, 28 U.S.C. § 1332, or

3

a so-called "federal question," 28 U.S.C. § 1331.  Moreover, since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  Instead, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint."  *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

In this case, the Report correctly determined that Plaintiff failed to state a basis for federal jurisdiction.  Plaintiff was given an opportunity to correct the pleading deficiency, but his Amended Complaint suffers from the same fatal error.  Plaintiff's objections follow suit.  Rather than identifying an error in the Report's analysis or provide the court with a stated jurisdictional basis, the objections merely rehash Plaintiff's reasons why he desires the matter to move forward.  The fact remains: If this court lacks jurisdiction, and it appears it does, the case cannot proceed here.

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court **ADOPTS** the Report [ECF No. 15] in its entirety and incorporates the same herein by reference.  Therefore, the above-captioned action is **DISMISSED** without further leave to amend and without issuance of service of process.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

March 23, 2021
Florence, South Carolina